RESOLUCIÓN
A la solicitud de certiorari y la moción de paralización en auxilio de nuestra jurisdicción, no ha lugar.
Como señaló el Tribunal de Apelaciones en las páginas 13-15 de su Sentencia:
III
Los recurridos argumentan, esencialmente, que, como los agentes no corroboraron de forma alguna la alegada actividad delictiva informada en la confidencia, su intervención con los recurridos fue ilegal y toda la prueba ocupada como producto de tal intervención tiene que ser suprimida. No les asiste la razón.
La policía de Puerto Rico “tiene la obligación de investigar toda llamada telefónica recibida o información brindada por [la] ciudadanía referente a posible actividad delictiva”. Pueblo v. Ortiz Martínez, 116 D.P.R. 139, 144 (1985). En este caso, los agentes, en cumplimiento de ese deber, así procedieron. Al lle-gar al lugar que se les informó por el radio, corroboraron la información recibida de que había una guagua Caraban blanca estacionada en la Avenida Toa Alta Heights. Asimismo, al estacionarse detrás de dicha guagua, bajarse de su vehículo y acercarse a la guagua, verificaron que en el interior de ésta había dos hombres y una mujer, como el retén les habita] co-municado por radio. Aun cuando en ese momento los agentes no habían corroborado la alegada actividad delictiva infor-mada en la confidencia, ciertamente estas peculiares circuns-tancias requerían que los oficiales del orden público continua-ran con la gestión investigativa legítima que habían iniciado, especialmente cuando lo que hicieron fue acercarse al conductor de la guagua para verificar que todo estuviera bien y que no estaba ocurriendo algún acto delictivo. Pueblo v. Corraliza Collazo, 121 D.P.R. 244, 247-248 (1988); Pueblo v. Ortiz Martínez, [supra,] pág. 144.
Así la intervención de los agentes con los recurridos ocurrió cuando tuvieron motivos fundados para arrestarlos, una vez se percataron de que uno de ellos recurridos tenía un arma de *601 fuego. En estas circunstancias, los agentes tenían que arrestar a los recurridos y ocupar el arma de fuego hasta que éstos demostraran que tenían autorización para poseerla. Pueblo v. Corraliza Collazo, [supra,] págs. 248-249; Pueblo v. Del Río, 113 D.P.R. 684, 690 (1982). Por lo tanto, la intervención fue válida, los agentes tenían motivos fundados para arrestar a los recurridos e incautar las armas de fuego y municiones y el TPI incidió al ordenar la supresión de la prueba.
Contrario a lo que aducen los recurridos, aquí no aplica lo resuelto en Pueblo v. Serrano, Serra, 148 D.P.R. 173 (1999). En ese caso, el TSPR estableció que, cuando se recibe una confidencia de posible actividad sospechosa o delictiva, se re-quiere corroborar dicha actividad para poder detener o privar de su libertad a urna persona. En el caso de epígrafe, los agen-tes no detuvieron a los recurridos, sino hasta después de que tuvieron motivos fundados para entender que estaban delin-quiendo y su intervención con éstos, hasta el momento del arresto, fiie en cumplimiento de su obligación de investigar la posible actividad delictiva. Por ello, no aplica la decisión del TSPR antes citada.
Además, aunque ciertamente hubo algunas inconsistencias en los testimonios de los agentes, los mismos no resultan in-creíbles, ni carentes de detalles que conlleven que se descarten por irreales, ni carentes de detalles que conlleven que se des-carten por irreales. Sus declaraciones coincidieron en lo esen-cial en cuanto a que en la confidencia anónima se indicó que había una guagua Caravan blanca estacionada en la Avenida Toa Alta Heights en la que estaban dos hombres y una mujer gritando o pidiendo auxilio, y ello, excepto lo último, fue corro-borado por los [algentes Cantres y Domínguez. Pueblo v. Ca-milo Meléndez, 148 D.P.R. [539,] 559 — 560 [(1999)]. Lo anterior, motivó a los agentes a cumplir su deber de investigar las cir-cunstancias, y los llevó a ver a plena vista el arma que tenía uno de los recurridos. Por lo tanto, procede revocar la deter-minación de suprimir la prueba incautada a los recurridos por estos hechos.
Aclaramos que lo anterior, de forma alguna prejuzga la eva-luación de la prueba que realizará el juzgador en el juicio, cuando el MP tiene que probar la culpabilidad de los recurri-dos más allá de duda razonable. Apéndice de la Petición de certiorari, págs. 333-335.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal. La Jueza Asociada Señora Fiol Matta paralizaría y expediría. La Juez Asociada Señora Rodríguez Rodríguez *602 emitió un voto particular disidente, al cual se une el Juez Presidente Señor Hernández Denton.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo